# United States District Court

FILED
MAR 30 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA

v.

TONY MITCHELL

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:06mj34-B

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __December 15, 2005__, in __Elmore__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute methamphetamine,
a Schedule II Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__. I further state that I am a(n) __Task Force Agent__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 30, 2006                              at  Montgomery, Alabama
Date                                            City and State

Delores R. Boyd, U. S. Magistrate Judge       _____
Name & Title of Judicial Officer               Signature of Judicial Officer

## AFFIDAVIT

1. I, the undersigned affiant, being duly sworn and deposed, state the following is true and correct to the best of my knowledge and belief. My name is Todd Mims, affiant, and I am Task Force Agent with the Drug Enforcement Administration (DEA). I am an investigator or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I am currently employed with the Elmore County, Alabama Sheriff's Department and have been so employed for seven (7) years. I am currently assigned to the United States Drug Enforcement Administration (DEA), and have been so assigned for the past two (2) years. I am currently assigned to the New Orleans Division of the Drug Enforcement Administration, the Montgomery District Office. Prior to becoming an Elmore County, Alabama Sheriff's Deputy, I was a Millbrook, Alabama, Police Officer for six (6) months. I have worked exclusively on narcotics investigations for four (4) years. I have investigated criminal violations of the Federal controlled substance laws, including, but not limited to, investigations involving smuggling of controlled substances, distribution of controlled substances in violation of Title 21, United States Code, Section 841; and laundering of the proceeds derived from the sale of controlled substances in violation of Title 18, United States Code, Sections 1956 and 1957.

3. On March 22, 2005, your affiant interviewed a confidential source, hereinafter known as CS #1. CS #1's reliability and veracity is known to your affiant. This interview centered on drug activities in Elmore County, Alabama. During the interview, CS #1 stated that Tony MITCHELL of Wetumpka, Alabama, was selling large amounts of methamphetamine or "ICE". After developing other confidential sources, your affiant initiated an official investigation of Tony MITCHELL.

4. On December 13, 2005, Montgomery DEA agents conducted a controlled purchase of methamphetamine from Tony MITCHELL. During the operation, agents equipped a confidential source, hereinafter referred to as CS #2, with a recording device. CS#2 is a known reliable and truthful informant. Prior to the operation, agents conducted a search of CS #2. Agents found no drugs or contraband on his/her person. Agents took control of CS #2's personal U.S. currency and provided CS #2 with two thousand dollars ($2,000.00) of officially approved funds.

5. CS #2 drove to MITCHELL'S residence located at 124 Gossum Pass, Wetumpka,

Alabama. CS #2 was observed by agents via aircraft. At the residence, CS #2 contacted Tony MITCHELL. Based on information given to your affiant by CS #2, and recordings made by CS#2, the following evidence was discovered.

6. MITCHELL and CS #2 discussed the price for the methamphetamine. CS #2 explained to MITCHELL that CS #2 had $2,000.00. MITCHELL told CS #2 that CS #2 could purchase "one and a quarter" (one and one quarter ounces of methamphetamine) for $2,000.00.

7. MITCHELL then entered a white Ford Excursion bearing AL license plate CB 6254 and traveled to a nearby location. At that location, MITCHELL retrieved a bag from the trunk of an abandoned vehicle.

8. MITCHELL then returned to 124 Gossum Pass. MITCHELL and CS #2 engaged in normal conversation. MITCHELL then entered his mobile home while CS #2 remained outside. MITCHELL and CS #2 then entered a portable storage building behind MITCHELL'S mobile home. MITCHELL stated: "here the quarter, there go the one". CS #2 replied "okay". MITCHELL then asked CS #2: "Everything straight with these people ain't it?" (referring to the persons for whom the CS was purchasing the methamphetamine.) CS #2 replied "most definitely". CS #2 counted the money aloud, and paid MITCHELL the $2000.00.

9. Next, MITCHELL and CS #2 discussed how CS #2 would profit from the transaction. MITHCELL stated: "ain't nobody got nothing but me" and "I got about three pounds". CS #2 and MITCHELL then talked about how the methamphetamine would be distributed.

10. At approximately 4:15pm, CS #2 departed MITCHELL'S residence and traveled to a predetermined location to meet with agents. CS #2 was observed by agents as CS #2 traveled to the meeting location. At the meeting, agents took custody of all evidence for processing and safekeeping.

11. On March 17, 2006, DEA Forensic Chemist James B. Iwamoto analyzed the methamphetamine purchased from Tony Dewayne MITCHELL on December 13, 2005. According to reports by DEA South Central Laboratory, the methamphetamine is one package Net weight 28.5 grams of 75% Methamphetamine HCL and a second package Net weight 9.0 grams of 86% d-Methamphetamine HCL.

12. On December 15, 2005, agents from the Montgomery DEA again conducted another controlled purchase of methamphetamine from Tony MITCHELL.

2

13. During the operation, agents equipped a confidential source, hereinafter referred to as CS #2, with a recording device. CS #2 is known to be reliable and truthful. Agents conducted a search of CS #2 prior to the operation. Agents found no drugs or contraband. Agents took control of CS #2's own U.S. currency and provided CS #2 with three thousand dollars ($3,000.00).

14. CS #2 drove to MITCHELL'S residence located at 124 Gossum Pass, Wetumpka, Alabama. Agents watched CS #2 travel to 124 Gossum Pass. Based on information given to your affiant by CS #2, and recordings of the operation, your affiant knows the following information.

15. Once at 124 Gossum Pass, CS #2 contacted Tony MITCHELL. MITCHELL and CS #2 engaged in casual conversation. MITCHELL requested CS #2 take MITCHELL to get medicine for MITCHELL'S child and deliver the medicine to MITCHELL'S ex-wife. MITCHELL entered CS #2's vehicle and provided CS #2 with methamphetamine. CS #2 provided MITCHELL with $2700.00. CS #2 asked MITCHELL "this is two right?" (the CS is referring to the two ounces of methamphetamine) MITHCHELL replied "uh hu". CS #2 placed the methamphetamine in the center console of CS #2's car, where it remained until your affiant took custody of it.

16. Agents continued the surveillance of CS #2 and MITCHELL as the two traveled to Wetumpka and purchased the medicine for MITCHELL'S child and delivered the medicine to 385 Williams Road Wetumpka, Alabama. Agents continued the surveillance as CS #2 and MITCHELL traveled from 385 Williams Road back to 124 Gossum Pass.

17. Agents then observed CS #2 travel from 124 Gossum Pass to a predetermined meeting location. At the location, agents took custody of all evidence for processing and safekeeping and searched CS #2. Agents found three hundred dollars ($300.00) of the three thousand dollars ($3,000.00) provided to CS #2.

18. On March 17, 2006, your affiant received notification via electronic mail that the methamphetamine purchased from MITCHELL on December 15, 2005, was analyzed by DEA Forensic Chemist James B. Iwamoto. According to Chemist Iwamoto's analysis, the methamphetamine purchased from Tony Dewayne MITCHELL on December 15, 2005 weighed 57.5 grams.

19. Based upon the above information, your affiant believes probable cause exists to show that Tony MITCHELL has violated Title 21, United States Code, Section 841, possession with intent to distribute a controlled substance.

Todd Mims
Task Force Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 30th day of March, 2006

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

4