IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:06CR88-MEF |
| | ) |
| TONY MITCHELL | ) |

## PLEA AGREEMENT

DEFENSE COUNSEL:        RUSSELL T. DURASKI

ASSISTANT U.S. ATTORNEY:   VERNE H. SPEIRS

**COUNTS AND STATUTES CHARGED**:

Count 1            21 U.S.C. § 841(a)(1)
                   It shall be unlawful for any person to knowingly or intentionally
                   manufacture, distribute or dispense, or possess with intent to manufacture,
                   distribute, or dispense, a controlled substance.

Count 2            21 U.S.C. § 841(a)(1)
                   It shall be unlawful for any person to knowingly or intentionally
                   manufacture, distribute or dispense, or possess with intent to manufacture,
                   distribute, or dispense, a controlled substance.

Count 3            21 U.S.C. § 841(a)(1)
                   It shall be unlawful for any person to knowingly or intentionally
                   manufacture, distribute or dispense, or possess with intent to manufacture,
                   distribute, or dispense, a controlled substance.

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

| | |
|---|---|
| Count 1 | 21 U.S.C § 841(a)(1) - Defendant did knowingly or intentionally manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. |
| Count 3 | 21 U.S.C § 841(a)(1) - Defendant did knowingly or intentionally manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. |

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1
<u>21 U.S.C § 841(a)(1)</u>
NMT $4,000,000 or twice gross loss
to victim or twice gross gain to defendant, whichever is greatest;
NLT 10Y, NMT Life; or both fine and imprisonment;
NMT 5Y SUP Rel;
100 Assessment fee
VWPA

Count 2
<u>21 U.S.C § 841(a)(1)</u>
NMT $2,000,000 or twice gross loss
to victim or twice gross gain to defendant, whichever is greatest;
NLT 5Y, NMT 40Y; or both fine and imprisonment
NMT 4Y SUP REL;
100 Assessment Fee;
VWPA

Count 3
<u>21 U.S.C § 841(a)(1)</u>
NMT $4,000,000 or twice gross loss
to victim or twice gross gain to defendant, whichever is greatest;
NLT 10Y, NMT Life; or both fine and imprisonment;
NMT 5Y SUP Rel;
100 Assessment fee
VWPA

## ELEMENTS OF THE OFFENSES:

<u>Counts 1 and 3</u>    <u>21 U.S.C § 841(a)(1)</u>

    1. Defendant knowingly and intentionally possessed methamphetamine.

    2. Defendant knowingly and intentionally manufactured, distributed or dispensed, or possessed with intent to manufacture, distribute, or dispense, methamphetamine.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Russell T Duraski, attorney for the defendant, pursuant to Rules 11(c)(1)(C) and 11(c)(1)(A), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 11(c)(1)(A), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty to Counts 1 and 3 by the defendant to the offenses charged in the Indictment, the attorney for the United States will do the following:

    a. The United States will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is

appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the United States find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the United States will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

  b. The United States will agree to dismiss Count 2 of the Indictment.

  c. The United States will agree, pursuant to U.S.S.G. 5K1.1, to seek a downward departure in Defendant's applicable sentence as calculated by the United States Probation Office, Middle District of Alabama. Nevertheless, the extent of any downward departure is at the **sole discretion** of the United States and will entirely depend upon the extent of Defendant's cooperation and assistance with the investigation and prosecution of any and all crimes of which the Defendant has knowledge.

  d. The United States will agree, pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, not to seek additional charges for violations of federal narcotics laws occurring within the Middle District of Alabama from December 2005 until March 2006. This provision is strictly limited to events relating to the possession or trafficking of narcotics within the Middle District of Alabama and shall have no force and effect upon the State of Alabama or

any other State or federal jurisdiction whatsoever. This provision shall have no force and effect upon any other investigation and/or prosecution (known or unknown) by any other investigating or prosecuting entity.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

3.    The defendant agrees to the following:

    a.    To plead guilty to Counts 1 and 3 of the Indictment.

    b.    Not commit any State, local or federal offenses.

    c.    To comply with all provisions of the Cooperation Agreement detailed below.

## **COOPERATION AGREEMENT**

4.    The Defendant agrees to make a good faith effort to assist the United States in the investigation and prosecution of other persons involved in the illegal possession, manufacture or distribution of controlled substances or firearms; or any other illegal activity of which the Defendant has personal knowledge.

    a.    The Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The Defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon. The Defendant agrees

to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the United States. He agrees to fully and truthfully disclose to the United States everything he knows about any and all documents and materials in his possession that relate to violations of federal firearms statutes and any other criminal violations in the Middle District of Alabama and elsewhere. The Defendant agrees to submit to a polygraph examination conducted by the United States if requested to do so.

      b.    Provided that the Defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the United States during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. The Defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

      c.    If the Defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the United States investigators or attorneys prior to or during his testimony before grand juries or in trials, or commits any state or federal offense, then the United States will be free to: (1) prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and sentencings the Indictment and documents that he has himself disclosed or

6

furnished to the United States during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the Defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether Defendant has breached this agreement. Defendant further understands that upon any breach of this plea agreement, by the Defendant, he will not be entitled to withdraw his guilty plea in this case.

## FACTUAL BASIS

In early December of 2005, Tony Mitchell traveled to Kansas, Missouri to acquire methamphetamine. While in Kansas, Tony Mitchell acquire approximately six pounds of actual methamphetamine. On or about December 4, 2005, immediately after acquiring the methamphetamine, Tony Mitchell drove back to his residence in Wetumpka, Alabama. On or about December 4, 2004, Tony Mitchell, while in the Middle District of Alabama, possessed approximately six pounds of actual methamphetamine. At all times relevant to the factual basis for Count 1 of the Indictment, Tony Mitchell possessed with intent to unlawfully distribute approximately six pounds of actual methamphetamine.

On or about December 15, 2005, while in the Middle District of Alabama, Tony Mitchell met with an unidentified individual at Mitchell's residence in Wetumpka, Alabama. During that meeting, Tony Mitchell distributed approximately four pounds of actual methamphetamine to the unidentified individual. At all times relevant to the factual basis for Count 3 of the Indictment, Tony Mitchell possessed with intent to unlawfully distribute approximately four pounds of actual methamphetamine.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or §5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

Nothing in this section shall be construed as a waiver of appeal or collateral attack based upon ineffective assistance of counsel or prosecutorial misconduct.

The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the

proceedings. Further, the parties agree that nothing in this agreement shall affect the United States's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant, before entering a plea of guilty to Counts 1 and 3 Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the United States and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the Court.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

6. The undersigned attorneys for the United States and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty,

the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

This 13th day of November, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Criminal Chief

/s/ Verne H. Speirs
Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

12

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, _____.

*[signature]*
Tony Mitchell

11-12-06
Date

*[signature]*
Russell T. Duraski
Attorney for the Defendant

11/13/06
Date