1   **IN THE UNITED STATES DISTRICT COURT**
    **FOR**
2   **THE MIDDLE DISTRICT OF ALABAMA**

3

4

5

6   THE UNITED STATES
       OF AMERICA
7                                    CRIMINAL ACTION NO.
          vs.                        2:06-Cr-88-MEF
8   TONY MITCHELL

9

10

11

12

13

14                      SENTENCING PROCEEDINGS

15

16

17

18                     *  *  *  *  *  *  *  *  *  *

19

20

21   HEARD BEFORE:        The Hon. Mark Fuller

22   HEARD AT:            Montgomery, Alabama

23   HEARD ON:            March 30, 2007

24   APPEARANCES:         Verne Speirs, Esq.

25                        Russell Duraski, Esq.

1    WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE THE
     HON. MARK FULLER ON MARCH 30, 2007 AT THE UNITED STATES
2    COURTHOUSE IN MONTGOMERY, ALABAMA:

3

4              THE COURT:  I next call the case of *United States*

5    *of America vs. Tony Mitchell*.

6              Is the United States prepared to go forward with

7    sentencing at this time?

8              MR. SPEIRS:  Your Honor, the United States is

9    prepared.

10             THE COURT:  Is the Defense prepared to go forward?

11             MR. DURASKI:  Yes, Your Honor, we are.

12             THE COURT:  Good morning, Mr. Duraski.

13             It's my understanding that there has been a plea

14   agreement reached in this case and there has been no

15   objections filed to the *Presentence Investigation Report*.  Is

16   that correct?

17             MR. DURASKI:  Yes, sir, Your Honor.

18             THE COURT:  Are there any objections today?

19             MR. DURASKI:  No, sir, Your Honor.

20             THE COURT:  The Court calls the case of *United*

21   *States of America vs. Tony Mitchell*, case number zero six C R

22   eighty-eight in the United States District Court for the

23   Middle District of Alabama, northern division.

24             Today, Mr. Mitchell, the Court will determine a

25   reasonable sentence in your case by considering the United

1    States sentencing guidelines which were promulgated pursuant

2    to the *Sentencing Reform Act* of nineteen eighty-four and

3    which are now advisory, and by considering the factors set

4    forth in Eighteen United States Code, Section thirty-five

5    fifty-three subpart A.

6            As you've heard me state, it appears that the Court

7    has been apprised that you and the United States have reached

8    an agreement in your case pursuant to a plea agreement; a

9    plea of guilty under an agreement consistent with Rule eleven

10   C one A and/or eleven C one C of the *Federal Rules of*

11   *Criminal Procedure*.  That is typically referred to by this

12   Court as a "binding plea agreement".  Is that in fact the

13   case?

14           MR. DURASKI:  Yes, sir, Your Honor.

15           THE COURT:  And, Mr. Speirs, if I could have either

16   you or Mr. Duraski cite the terms of the plea agreement for

17   the Court.

18           MR. SPEIRS:  Your Honor, I'll assist the Court.

19           Your Honor, as the Court has noted, the parties

20   have entered into an eleven C one C and eleven C one A plea

21   agreement.  The defendant is charged with three counts of

22   possession with intent to distribute controlled substances.

23   The defendant has agreed to plead guilty to counts one and

24   three of the indictment.

25           The Government has agreed to dismiss count two of

1    the indictment.

2         The Government has also agreed that a two level

3    reduction for acceptance of responsibility should apply, and

4    that if the defendant maintained his acceptance of

5    responsibility the Government would move for the third point,

6    which the Government has done in this case, Your Honor.

7         In addition, the Government agreed to seek a

8    reduction in the offense level under five K one point one.

9    The Government has filed that motion on behalf of the

10   defendant.

11        The Government also will not seek any additional

12   charges arising out of federal -- possible federal narcotics

13   violations from December of two thousand five until March two

14   thousand six.

15        The defendant agrees to plead guilty to counts one

16   and three of the indictment, not commit any state, local or

17   federal offenses, comply with all of the provisions of the

18   cooperation agreement and to waive appeal and collateral

19   attack.

20        THE COURT:  Anything additional to what's been

21   represented, Mr. Duraski?

22        MR. DURASKI:  No, sir, Your Honor, I believe that

23   covers it.

24        THE COURT:  Mr. Mitchell, the Court is required

25   under Rule eleven C one A and eleven C one C because of the

1   nature of the binding plea agreement to inform you of its

2   intent to either accept the plea agreement and sentence you

3   in accordance with that agreement, or to reject the plea

4   agreement and to give you an opportunity to withdraw your

5   plea of guilty.  It is the Court's intentions to sentence you

6   consistent with the plea agreement that has been reached

7   between yourself and the United States and, therefore, I will

8   accept the plea of guilty and the agreement that you have

9   reached with the United States and sentence you accordingly.

10          Pending before the Court, as has been referenced by

11   the United States, are several motions.  The first is a

12   motion for a one level reduction in the offense level for

13   acceptance of responsibility, and that is document number

14   forty-seven for the purposes of the record.  Without

15   objection that motion is granted.

16          Mr. Mitchell, have you and your attorney had an

17   opportunity to review the *Presentence Report* before today's

18   date?

19   A.  Yes, sir.

20          THE COURT:  Do you have any objections to any of

21   the content of the *Presentence Report*?

22   A.  No, sir.

23          THE COURT:  There being no objections to the

24   *Presentence Report*, the Court adopts the factual statements

25   contained in the *Presentence Report* with the specific

1    findings under the guidelines of the offense level is

2    thirty-seven, the criminal history category is one, the

3    guideline range is from two hundred ten months to two hundred

4    sixty-two months, the supervised release period is five years

5    and the fine range is from twenty thousand dollars to four

6    million dollars.

7            The United States has also filed a motion for

8    downward departure due to your substantial assistance

9    pursuant to Section five K one point one of the United States

10   sentencing guidelines.  For the record, that is document

11   number forty-eight.

12           At this time I would ask counsel for the United

13   States to state for the record the basis of this motion for a

14   substantial assistance reduction in the offense level of Mr.

15   Mitchell.

16           MR. SPEIRS:  Your Honor, as reflected in the

17   Government's motion, Mr. Mitchell provided information to

18   both the D. E. A. and the F. B. I.  The information that was

19   provided to the D. E. A. assisted in corroborating

20   information that the D. E. A. knew about other drug dealers,

21   or other people that were trafficking in methamphetamine

22   within the Middle District of Alabama.  That is part and

23   parcel or one of the factors that goes into the calculus for

24   substantial assistance.

25           The other factor is, Your Honor, and the Government

1    might be a bit vague on the names of certain individuals, but

2    there is a police corruption case that the F. B. I. was aware

3    of and that Mr. Mitchell's information helped the F. B. I. in

4    putting that case together and solidifying that case.  I will

5    tell the Court that an information will be filed within the

6    next week or so on an individual that is a police officer

7    that was involved with Mr. Mitchell and who will be pleading

8    guilty to a Hobbs Act violation, Your Honor.  That's the

9    basis of the Government's motion for the one level.

10           THE COURT:  And as a representative of the United

11   States, do you feel that the assistance that Mr. Mitchell has

12   provided would rise to the level of substantial assistance?

13           MR. SPEIRS:  Yes, sir.

14           THE COURT:  Anything, Mr. Duraski, in response?

15           MR. DURASKI:  No, sir, Your Honor.  We also would

16   participate in any further assistance that's required in that

17   particular case that Mr. Speirs referred to.  If, for

18   example, the officer in question elected not to plead, my

19   client stands ready to testify as well.

20           THE COURT:  And I presume that the United States

21   within the time limits defined by Rule thirty-five of the

22   *Federal Rules of Criminal Procedure* could file for additional

23   reductions --

24           MR. SPEIRS:  Yes, sir.

25           THE COURT:  -- in any sentence this Court would

1    impose today.

2           But for the record, Mr. Mitchell, after having

3    inquired of the United States the basis for their motion for

4    downward departure based upon a substantial assistance motion

5    under Section five K one point one in the United States

6    sentencing guidelines, the Court finds that your assistance

7    has been substantial and the motion should be granted.  This

8    finding results in a reduction of a guideline level to an

9    offense level of thirty-six, which when combined with the

10   criminal history category creates a guideline range of one

11   hundred eighty-eight months to two hundred thirty-five

12   months, and a fine range of twenty thousand dollars to four

13   million dollars.

14          Mr. Duraski, do either you or your client have

15   anything to say in mitigation or otherwise before the Court

16   pronounces its sentence in this case?

17          MR. DURASKI:  Judge, on Mr. Mitchell's behalf I'd

18   like to just say that Mr. Mitchell has been extremely

19   cooperative.  He has responded to every request I have made

20   of him as counsel.  He's been very prompt in his appearances.

21   And despite the fact that he recognized that he was facing a

22   substantial sentence today, he is here, he was allowed to

23   remain free after the plea was entered and he continued to

24   cooperate.  And he does have family that relies on him,

25   particularly a son who he helps support.

1          Having said that, Judge, the recommendation that I

2   was provided by the probation officer recommended a low end

3   of the guideline range of two hundred and ten months.  Given

4   that the Court has granted the further reduction, we'd ask

5   that the Court sentence him at the low end of the guideline

6   range of a hundred and eighty-eight months.

7          THE COURT:  Anything from the United States?

8          MR. SPEIRS:  Your Honor, considering the

9   Government's motion that it's already made for substantial

10  assistance, and the incredible volume of pure methamphetamine

11  that we're talking about in this case, I just -- it's not the

12  Government's position to endorse the bottom end, Your Honor.

13         THE COURT:  Anything further?

14         MR. DURASKI:  Nothing, Your Honor.

15         THE COURT:  Mr. Mitchell, the sentence will now be

16  stated, but you'll have a final chance to make legal

17  objections before the sentence is imposed.

18         Having considered and consulted the sentencing

19  guidelines and evaluated the reasonableness of a sentence

20  through the lens of Eighteen United States Code, Section

21  thirty-five fifty-three, it is the order, judgment and decree

22  of this Court that you, Mr. Mitchell, be committed to the

23  Federal Bureau of Prisons to be imprisoned for a total term

24  of two hundred ten months.  This sentence consists of two

25  hundred ten months on count one, and two hundred ten months

1   on count three, all such time to run concurrently.

2           The Court recommends that you be designated to a

3   facility where intensive residential substance abuse

4   treatment is available.

5           Based upon your inability to pay, the Court waives

6   the imposition of a fine.  However, you shall pay to the

7   United States District Court Clerk a special assessment fee

8   of two hundred dollars which is due immediately.

9           The Court finds that there is no identifiable

10  victim who incurred a financial loss as a result of this

11  offense.

12          Upon release from imprisonment you shall be placed

13  on supervised release for a term of five years.  This term

14  consists of five years on count one and five years on count

15  three, all such terms to run concurrently.

16          Within seventy-two hours of release from custody

17  you shall report to the probation office in the district to

18  which you are released.  While on supervised release you

19  shall comply with the mandatory and standard conditions of

20  supervised release on file with this Court.

21          The Court also orders the following special

22  conditions.

23          You shall participate in a program of drug testing

24  administered by the United States Probation Office.

25          You shall cooperate in the collection of D. N. A.

1         You shall submit to a search of your person,

2    residence, office and vehicle pursuant to the search policy

3    of this Court.

4         The Court finds that the sentence that has been

5    stated is a reasonable sentence, and is imposed to reflect

6    the seriousness of the offense; to promote respect for the

7    law and to provide just punishment for the offense; to afford

8    adequate deterrents to criminal conduct; to protect the

9    public from any further crimes of you, Mr. Mitchell; and to

10   provide you with the needed educational, vocational or

11   medical care or other correctional treatment in a most

12   effective and efficient manner available to this Court.

13        And lastly, the Court finds that any lesser

14   sentence would be insufficient to accomplish the purposes set

15   forth in Eighteen United States Code, Section thirty-five

16   fifty-three subsection A two.

17        Are there any objections to the sentence or to the

18   manner in which the Court pronounced it?  For example, do you

19   have any objections to the Court's ultimate findings of fact

20   or conclusions of law to the extent that I have made any?

21            MR. DURASKI:  No, sir.  We have no objections.

22            THE COURT:  Any objections by the United States?

23            MR. SPEIRS:  No objections, Your Honor.

24        At this time it might be prudent for the United

25   States to move to dismiss count two.

1          THE COURT:  I'll give you an opportunity to do that

2    at the conclusion.  Let me instruct him of his rights

3    regarding appeal.

4          Mr. Mitchell, the sentence is ordered imposed as

5    stated, and I will now address your rights regarding appeal.

6    You have a right to appeal this sentence.  In order for your

7    appeal to be timely you may need to file your notice of

8    appeal as soon as ten days after the Court enters its written

9    judgment in this case.  If you cannot afford the cost of an

10   appeal you may petition this Court for leave to appeal in

11   forma pauperis.  Pursuant to the plea agreement that you have

12   reached with the United States in this case, you have waived

13   some or all of your rights regarding appeal.

14         Such waivers are generally enforceable, but if you

15   believe that your waiver is not enforceable, you may present

16   that theory to the appropriate appellate court.  I'm not

17   encouraging you to appeal or not to appeal.  As is my policy

18   in every case, I'm merely informing you of your right

19   regarding appeal, to the extent that those rights remain.

20         Do you understand your rights?

21   A.  Yes, sir.

22   Q.  Do you have any questions about those rights?

23   A.  No, sir.

24         THE COURT:  Mr. Mitchell, I wish you the best of

25   luck.

1          MR. DURASKI:  Your Honor, may we be heard on the

2     issue of voluntary surrender?

3          THE COURT:  You may.  And let's take up the motion

4     by the United States.

5          MR. SPEIRS:  At this time the Government moves to

6     dismiss count two, Your Honor.

7          THE COURT:  Without objection, that motion to

8     dismiss count two is granted.

9          Let me also add for the record, Mr. Mitchell, and I

10    will give you an opportunity to voice any objections because

11    I failed to identify the reasons that I sentenced you at the

12    level I sentenced you because the variance within the

13    recommended guideline range exceeds twenty-four months.  I

14    sentenced you at the term of two hundred ten months because

15    of the quantity of the drugs involved and the conduct you

16    were involved with with law enforcement officers that had

17    been reflected to me in the *Presentence Report* for which

18    there has been no objection.  That is the reason that the

19    Court has sentenced you at the term that I have imposed.

20         And with that having been stated as additional

21    basis for the Court's sentence, do you have any objections to

22    that sentence?

23    A.  No, sir.

24         THE COURT:  Mr. Duraski, you can be heard on your

25    request for any self-surrender.

1          MR. DURASKI:  Your Honor, as the Court is aware,

2   Mr. Mitchell has a young son who is currently in the midst of

3   a school year.  He has about two months left in that school

4   year.

5          He has done well on pretrial release.  He is still

6   on a leg monitor.

7          Mr. Mitchell is requesting that the Court allow him

8   to voluntarily surrender after the end of May so that he may

9   be free for his son to finish up the school year and begin

10  his sentence around June the first so that he's free during

11  this time with his son for the last couple of months of the

12  school year.

13         THE COURT:  Mr. Speirs?

14         MR. SPEIRS:  Your Honor, to the extent that the

15  statute requires the Government to articulate any

16  extraordinary reason to keep him out, the Government doesn't

17  have that, quite frankly, Your Honor.  However, the

18  Government will note for the record that it has not received

19  any indications that Mr. Mitchell has tried to abscond or to

20  manipulate the leg monitor or anything like that.  Simply

21  stated, Your Honor, the Government doesn't have any

22  extraordinary reasons, though, to seek his release.

23         MR. DURASKI:  May I ask Mr. Speirs a question?  You

24  have no specific objection either, though?

25         MR. SPEIRS:  I have no specific objection either.

1          THE COURT:  Mr. Speirs, you indicated that there

2    was going to be an information filed in this ongoing

3    investigation within the next two weeks?

4          MR. SPEIRS:  Yes, sir.

5          THE COURT:  And you used Mr. Mitchell's assistance,

6    I presume, in part in obtaining the information or the

7    warrant, if there is to be a warrant or indictment

8    forthcoming from any assistance Mr. Mitchell has provided?

9          MR. SPEIRS:  Correct, sir.

10          THE COURT:  And I've heard Mr. Mitchell represent

11    through counsel to the Court that he intends to continue his

12    assistance to the United States, and if needed, testify in

13    any case that would be presented for trial?

14          MR. SPEIRS:  That is correct, sir.

15          THE COURT:  Has Mr. Mitchell continued to be

16    available to the United States to assist in this ongoing

17    investigation?

18          MR. SPEIRS:  Yes, sir.  He has always been

19    available, yes, sir.

20          THE COURT:  Has he provided whatever assistance

21    that he has been able to provide when requested?

22          MR. SPEIRS:  Whenever there's been a request, he's

23    made himself available, Your Honor.

24          THE COURT:  Mr. Mitchell, the Court finds that your

25    request, based upon your personal circumstances and the fact

```
 1    that you are needing to provide for your child until the
 2    conclusion of the school year, is denied.  However, the Court
 3    would find that there are exceptional reasons why your
 4    detention at this time would not be appropriate pending the
 5    continued investigation that has been referred to by the
 6    United States in the ongoing investigation involving the
 7    corruption case which, quite frankly, you have been
 8    implicated in in some form or fashion.
 9            Because of your assistance to the United States and
10    the potential for their need to avail themselves to your
11    testimony within the next sixty days, I would find that those
12    reasons amount to exceptional reasons why your detention
13    would not be appropriate at this time.  And I further find
14    that you are not likely to flee or pose a danger to the
15    safety of any person or the community pending your imposition
16    of sentence.
17            I will allow -- Let me ask Probation, is there any
18    concern on Probation's part that he willfully or pose a
19    danger to himself or others?
20            THE PROBATION OFFICER:  Looking at the past, no,
21    sir.  But I could not say for certain that he would not flee.
22    He's looking at a seventeen year sentence.
23            THE COURT:  I understand, but has there been any
24    time when Mr. Mitchell, while he's been on a leg monitor, has
25    not done what he's supposed to do?
```

1          THE PROBATION OFFICER:  No, sir.  He's done

2    everything, to my knowledge.

3          THE COURT:  Mr. Mitchell, I will release you under

4    the same conditions as imposed by the United States

5    magistrate judge on April the fifth, two thousand six with

6    the requirement that you turn yourself in to the facility

7    designated to you by the Federal Bureau of Prisons on or

8    before two p.m. on Tuesday, June twelve, two thousand seven.

9          Is there any thought in your mind, Mr. Mitchell,

10   that you cannot abide by those terms and conditions of

11   release pending your report date?

12   A.  I'll be there, Your Honor.

13         THE COURT:  Not only for yourself but for the

14   benefit of any person that appears before me in the future,

15   Mr. Mitchell, please don't make the mistake of not appearing

16   or violating the terms and conditions that have been imposed

17   upon you.

18         Anything by the United States?

19         MR. SPEIRS:  No, sir.

20         THE COURT:  You are ordered to report to the

21   designated facility on or before two p.m. on Tuesday, June

22   twelve, two thousand seven, and you are continued under the

23   same conditions as I've stated imposed by the United States

24   magistrate judge on April fifth, two thousand six.  If you'll

25   see the probation officer before you leave today.  I wish you

1    the best of luck.

2    A.   Thank you.

3         (Whereupon, the proceedings were concluded.)

4                        * * * * * * * *

5

6                   COURT REPORTER'S CERTIFICATE

7

8

9         I certify that the foregoing is a correct

10   transcript from the record of proceedings in the

11   above-entitled matter as prepared by me to the best of

12   my ability.

13

14        I further certify that I am not related to any of

15   the parties hereto, nor their counsel, and I have no

16   interest in the outcome of said cause.

17

18        Dated this 2nd day of October 2008.

19

20

                        \s\ Mitchell P. Reisner, CM, CRR
21                      **MITCHELL  P.  REISNER,  CM,  CRR**
                        Official US Dist. Court Reporter
22                      Registered Professional Reporter
                        Certified   Real-Time   Reporter
23

24

25